UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                    Plaintiff,<br><br>     v.<br><br>ENRIQUE GONZALEZ-GALEANA (4),<br><br>                    Defendant. | No.  No. CR-13-6036-EFS-4<br>     No. 4:CV-14-5070-EFS<br><br>**ORDER DENYING DEFENDANT'S MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE** |

     Before the Court, without oral argument, is Defendant Enrique Gonzalez-Galeana Motion to Vacate Sentence Pursuant to 28 U.S.C. § 2255, ECF No. 237.  After reviewing the petition and record in this matter the Court is fully informed and denies the petition.  The reasons for the Court's Order are set forth below.

**I.    BACKGROUND**

     On July 18, 2013, Defendant was charged as one of four defendants with conspiracy to distribute methamphetamine in violation of 21 U.S.C. § 846.  On December 18, 2014 Defendant, pursuant to a signed interdependent plea agreement, ECF No. 174, pled guilty to Count One of the Information Superseding Indictment, ECF No. 173, charging Defendant with misprision of a felony in violation of 18 U.S.C. § 4.  The Court accepted the plea, finding Defendant's plea to be knowing, intelligent, and voluntary.  ECF No. 175.  On April 1, 2014, the Court accepted the parties' plea agreement, ECF No. 222, and

ORDER - 1

Defendant was sentenced consistent with the parties' agreement to 36 months imprisonment and one year of supervised release. ECF No. 224. Defendant was permitted to self-surrender, and on May 14, 2014, the Court delayed Defendant's report date to no earlier than May 26, 2014. On June 18, 2014, over two months after the April 2, 2014 Judgment was entered, Defendant filed a Notice of Appeal, ECF No. 238, and the instant Motion to Vacate Sentence, ECF No. 237.[1]

The Plea Agreement, ECF No. 174, entered into by the parties acknowledged that Defendant's plea was part of a "package plea" between Defendant and co-Defendants Alex Gonzalez, Julio Cesar Gonzalez, and Juan Manuel Ledesma. The parties agreed that "if Defendant . . . subsequently seeks to withdraw from the guilty plea, then the United States shall withdraw from all Plea Agreements and will seek to reinstate the Superseding Indictment against all parties." ECF No. 174 at 2. Additionally, Defendant expressly waived

> his right to file any post-conviction motion attacking his conviction and sentence, including a motion pursuant to 28 U.S.C. § 2255, except one based upon ineffective assistance of counsel based on information not now known by Defendant and which, in the exercise of due diligence, could not be known by Defendant by the time the Court imposes the sentence.

ECF No. 174 at 7. The agreement further contemplated that if Defendant "files a notice of appeal [or] habeas petition . . . the Defendant agrees that this case shall, upon motion of the government, be remanded to the district court to determine whether Defendant is in breach of this agreement; and, if so, to permit the government to withdraw from the Plea Agreement." ECF No. 174 at 7.

---

[1] See Fed R. App. P. 4(b)(1)(A)(i) (requiring a notice of appeal be filed within ten days of entry of the judgment in a criminal case).

ORDER - 2

Case 2:13-cr-06036-EFS    Document 242    Filed 07/03/14

To date, the United States has not moved to determine whether Defendant is in breach of the agreement, to remand the appeal, nor to withdraw from the plea agreements and reinstitute charges against all four named defendants in the Superseding Indictment.[2]

## II. **MOTION TO VACATE SENTENCE**

**A.   Legal Standard – 28 U.S.C. § 2255**

A § 2255 motion may seek relief on the grounds that 1) the judgment was rendered without jurisdiction, 2) the imposed sentence was not authorized by law, or 3) the judgment is vulnerable to collateral attack because the petitioner's constitutional rights were denied or infringed.  28 U.S.C. § 2255(a) & (b).  Pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts, the Court must examine a § 2255 motion and the record to determine whether summary dismissal is warranted.  Rule 4(b), 28 U.S.C. foll. § 2255.  "If it plainly appears from the face of the motion and any annexed exhibits and the prior proceedings in the case that the movant is not entitled to relief in the district court, the judge shall make an order for its summary dismissal."  *Id.; see also Baumann v. United States*, 692 F.2d 565, 571 (9th Cir. 1982).

**B.   Discussion**

Defendant challenges his sentence and asserts that his plea of guilty was "unlawfully induced, or not made voluntarily, or made without an understanding of the nature of the charge and the

---

[2] As the agreement states that it is upon the filing of "a notice of appeal [or] a habeas petition" that the right of the United States to withdraw vests, the Court need not await the decision by the United States to move to withdraw from the plea agreement before ruling on the habeas petition, nor does the entry of this Order preclude the United States from later exercising its contractual rights under the agreement.
ORDER - 3

consequences of theplea [sic]." ECF No. 237 at 1.  This is based upon Defendant's four separate allegations of ineffective assistance of counsel:

1. Petitioner's trial counsel was ineffective by failing to properly advise of his constitutional rights,

2. The defense counsel was ineffective because there was not a factual basis for a guilty plea as the evidence was insufficient to sustain a conviction under the facts of the case,

3. Ineffective assistance of trial counsel in not providing petitioner an opportunity to allocute, and

4. Defense counsel rendered ineffective assistance of counsel by failing to file a timely notice of appeal.

In *Strickland v. Washington*, 466 U.S. 668, 687 (1984), the Supreme Court established the requirements for an ineffective assistance of counsel claim:

> First, the defendant must show that counsel's performance was deficient.  This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment.  Second, the defendant must show that the deficient performance prejudiced the defense.  This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.  Unless a defendant makes both showings, it cannot be said that the conviction or death sentence resulted from a breakdown in the adversary process that renders the result unreliable.

"Judicial scrutiny of counsel's performance must be highly deferential."  *Id*. at 689.  In order to show that his attorney's performance was deficient, a defendant must show that "counsel's

ORDER - 4

representation fell below an objective standard of reasonableness." *Id.* at 688. In order to satisfy the requirement of prejudice, "[t]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. A reviewing court must ensure that "every effort is made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time." *Id.* at 689. In the case of a guilty plea, a defendant must show both that his counsel's representation fell below an objective standard of reasonableness and that a reasonable probability exists that, but for counsel's unprofessional errors, he would not have pleaded guilty. *Hill v. Lockhart*, 474 U.S. 52, 57–59 (1985).

Having reviewed the petition and record in this matter, the Court finds no basis to conclude that counsel provided ineffective assistance of counsel. First, Defendant was advised by the Court of his constitutional rights and acknowledged his understanding of those rights, at the December 18, 2013 hearing. ECF No. 170. Second, on December 18, 2013, Defendant, under oath, stated that he agreed there was a sufficient factual basis to find him guilty of the charge of misprision of a felony, admitted the facts constituting the essential elements of the crime, and stated he was in fact guilty. Third, at the April 1, 2014 sentencing, the Court provided Defendant an opportunity to address the Court, which he exercised expressing his apologies to the Court and the prosecutor and asked for forgiveness and clemency. ECF No. 221. Finally, in the Plea Agreement Defendant

ORDER - 5

explicitly waived his right of appeal, ECF No. 174 at 7, and therefore there could be no ineffective assistance for failing to file a notice of appeal, as his counsel could not have, in good-faith, filed such a notice. In conclusion, each of Defendant's claims is strictly contradicted by his own sworn testimony and statements before this Court.

Accordingly, based upon the petition and the prior proceedings in this case, Defendant is not entitled to relief and his petition is summarily denied. Rule 4(b), 28 U.S.C. foll. § 2255; *see also Baumann v. United States*, 692 F.2d 565, 571 (9th Cir. 1982).

**C.   Certificate of Appealability**

Pursuant to 28 U.S.C. § 2253, the Court must determine whether to grant a certificate of appealability as to any of the claims presented in the Petition. 28 U.S.C. § 2253 provides, in part, as follows:

> (c) (1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from . . . (B) the final order in a proceeding under section 2255.
> (2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.

In order to make "substantial showing" of the denial of a constitutional right, as required under 28 U.S.C. § 2255(c)(2), a habeas prisoner must demonstrate "that reasonable jurists could debate whether . . . the petition should have been resolved in a different manner or that the issue presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473 (2000) (*quoting Barefoot v. Estelle*, 463 U.S. 880, 893 n. 4 (1983)).

ORDER - 6

Where a district court has rejected the constitutional claims on the merits, the petitioner must demonstrate only that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong. *Slack*, 529 U.S. at 484.

For the reasons stated above, the Court concludes that Petitioner has failed to make a substantial showing of the denial of a constitutional right and there is no reasonable basis upon which to debate this Court's rulings. Accordingly, the Court declines to issue a certificate of appealability.

### III. CONCLUSION

Accordingly, **IT IS HEREBY ORDERED**:

1. Defendant's Motion to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody, **ECF No. 237**, is **DENIED**.

2. The Court declines to issue a certificate of appealability, and certifies any appeal of this dismissal would not be taken in good faith.

3. The criminal file and its civil companion case shall be **closed**.

**IT IS SO ORDERED.** The Clerk's Office is directed to enter this Order and provide copies to all counsel.

**DATED** this   2nd   day of July 2014.

s/Edward F. Shea
EDWARD F. SHEA
Senior United States District Judge